**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4601**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MARCUS NEAL MCMILLAN,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:16-cr-00115-CCE-1)

Submitted:  May 25, 2017                      Decided:  May 30, 2017

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Neal McMillan pled guilty to failure to surrender for service of sentence, in violation of 18 U.S.C. § 3146(a)(2), (b)(1)(A)(ii) (2012). He appeals the 20-month sentence imposed by the district court. McMillan's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court imposed an unreasonable sentence by denying a downward variance. McMillan filed a pro se supplemental brief also challenging his sentence. The Government has declined to file a response brief. For the reasons that follow, we affirm.

We review McMillan's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 46 (2007). We first ensure that the court "committed no significant procedural error," such as improper calculation of the Sentencing Guidelines, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, or inadequate explanation of the sentence imposed. *United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted). If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51. We presume that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). McMillan bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*.

2

Our review of the record convinces us that McMillan's sentence is reasonable. The court properly calculated the applicable Sentencing Guidelines range, considered the parties' sentencing arguments, and provided a reasoned explanation for the sentence it imposed, grounded in § 3553(a) factors. The court specifically considered McMillan's request for a downward variance, but reasonably declined to sentence him below the Guidelines range, concluding that such a reduction was unwarranted based on the seriousness of the offense and McMillan's history. McMillan fails to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McMillan, in writing, of the right to petition the Supreme Court of the United States for further review. If McMillan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McMillan. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*